U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

MAR 24 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| MAILE SMITH FRIES, ET AL. | CIVIL ACTION NO: 09-1551 |
| VERSUS | JUDGE DONALD E. WALTER |
| CHESAPEAKE LOUISIANA, L.P. ET AL | MAGISTRATE JUDGE HORNSBY |

## **MEMORANDUM ORDER**

Before the Court is a Motion to Remand this action to the 42nd Judicial District Court, DeSoto Parish, Louisiana, filed by Plaintiffs, Maile Smith Fries, et al. [Rec. Doc. #10].

This Court has reviewed the Opposition [Rec. Doc. #17], the Reply [Rec. Doc. #30], and the Supplemental Memorandum in Opposition [Rec. Doc. #33] as well as the relevant case law on improper joinder of parties. *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568 (5th Cir. 2004). Some Plaintiffs and Defendants Plains Exploration & Production Company ("Plains") and PXP Louisiana, L.L.C. ("PXP") are citizens of Texas. Ordinarily this fact would preclude jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity would be missing. *See Carden v. Arkoma Associates*, 110 S.Ct. 1015 (1990). However, Defendants contend that in assessing this Court's jurisdiction Plains' and PXP's citizenships should not be considered in that they have been improperly joined. If Plains and PXP were fraudulently/improperly joined then their presence will not bar this Court's jurisdiction. In addition, in that event it is not necessary to obtain Plains and PXP's consent to removal. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

According to the State Court Petition, in August 2008, the Plaintiffs contend that they entered into a verbal understanding with Continental, Chesapeake Louisiana, L.P.'s

("Chesapeake") mandatary, for a mineral lease of their land. [Rec. Doc. #1-1 at 7, ¶12]. Allegedly, following that verbal agreement, Continental sent Plaintiffs "a form of 'Agreement to Lease'" and asked for their notarized signatures. *Id.* at ¶13. The Plaintiffs complied and returned the forms to Continental. *Id.* at ¶14. In November 2008, before any drafts had been issued, Chesapeake contacted the Plaintiffs and informed them that due to the "unprecedented downturn in the economy" Chesapeake would be unable to go forward with the leasing of their property at the agreed upon price. *Id.* at 8, ¶18.

Before the Plaintiffs' entered into negotiations with Chesapeake, they alleged that Chesapeake, PXP and Plains entered into a joint venture to explore an area of mutual interest ("AMI") for minerals. *Id.* at 7, ¶9. Plaintiffs allege their property is in this AMI. *Id.* at ¶10. As a result, the Plaintiffs argue "Chesapeake, Plains and PXP are liable in solido as joint venturers for all obligations of the Chesapeake-Plains Joint Venture. Alternatively, such joint venturers are liable for their virile share of such obligations." *Id.* at 9, ¶24. Chesapeake, Plains and PXP contend that no joint venture exists and as such Plains and PXP are improperly joined to defeat diversity jurisdiction. [Rec. Doc. #17 at 3].

The agreement at issue does not fall within the typical analytical framework for joint ventures. Since this is an agreement for the development of mineral rights, the Louisiana Mineral Code (LA. REV. STAT ANN. §§ 31:001-31:215) places a heightened standard on the creation of joint ventures whose aim is to develop mineral rights. According to LA. REV. STAT. ANN. § 31:215, "a written contract for the joint exploration, or operation of mineral rights does not create a partnership unless the contract expressly so provides." Few case have interpreted this unique statutory provision. The Fifth Circuit has stated in dicta that this "unique Louisiana statute, LA. REV. STAT. ANN. § 31:215, . . . places special requirements on the creation of a joint

venture if the objective is to develop mineral rights." *Davidson v. Enstar Corp.*, 848 F.2d 574, 577 (5th Cir. 1988).

Looking at the instant case, the Participation Agreement between Chesapeake, Plains and PXP states "this Agreement is not intended to create, and shall not be construed to create, an association for profit, a trust, a joint venture, a mining partnership or other relationship of partnership, or entity of any kind between the parties." [Rec. Doc. #18-2 at 14, § 11 (filed under seal)]. Relying on the express language of LA. REV. STAT. ANN. § 31:215, a joint venture was not established in this case.

As such, Chesapeake Louisiana, L.P. is the proper party. Plains Exploration & Production Company and PXP Louisiana, L.L.C. are improperly joined and thus the Motion to Remand should be denied.

Upon due consideration, **IT IS ORDERED** that Plaintiffs' Motion to Remand [Rec. Doc. #10] is hereby **DENIED**.

**THUS DONE AND SIGNED**, this 24 day of March, 2010.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE